UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO GRACE,

                                   Plaintiff,

             -against-

SGT. ALEXANDER ALVARADO; LT. BRIAN
BODGE; MICHAEL CAPRA,

                                   Defendants.

21-CV-3578 (CS)

ORDER OF SERVICE

CATHY SEIBEL,  United States District Judge:

         Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that he was subjected to an unlawful search and was

retaliated against for filing a grievance about it. By order dated May 7, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

         The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.      Claim Against Defendant Brian Bodge**

Plaintiff asserts claims against Lieutenant Brian Bodge for his actions in presiding over

Plaintiff's disciplinary hearing. The Court construes these allegations as a claim for a violation of

Plaintiff's constitutional right to procedural due process. "In a § 1983 suit brought to enforce

procedural due process rights, a court must determine (1) whether a [liberty or] property interest

is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that

interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

Convicted prisoners have already been deprived of their liberty, and therefore "[a]

prisoner's liberty interest is implicated by prison discipline, such as [segregated housing unit]

confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir.

2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[R]estrictive confinements of less

than 101 days do not generally raise a liberty interest warranting due process protection, and thus

require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d

Cir. 2009); *Kalwasinski v. Morse*, 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors

relevant to deciding if confinement constitutes an atypical hardship).

Here, the facts alleged show that Plaintiff was not deprived of a liberty interest, such that

he was entitled to procedural due process protection. Plaintiff alleges that on February 13, 2021,

an officer came to his cell and informed him that he was on keeplock; a hearing was held a few

days later, on February 16, 2021, and the charges were dismissed on the same day. Plaintiff thus

has not alleged that he was subjected to restrictive confinement sufficient to implicate a protected

liberty interest, and his allegations thus fail to state a claim on which relief can be granted for a

violation of his right to procedural due process. The Court therefore dismisses Plaintiff's section 1983 claim against Defendant Bodge for failure to state a claim on which relief can be granted.

**B.      Service on Defendants Alexander Alvarado and Michael Capra**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Alexander Alvarado and Michael Capra through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Lieutenant Brian Bodge. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Clerk of Court is directed to complete the USM-285 forms with the addresses for Defendants Alexander Alvarado and Michael Capra and to deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   July 30, 2021
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

1.      Sergeant Alexander Alvarado
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, New York 10562

2.      Superintendent Michael Capra
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, New York 10562