UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANGELO GRACE,                                    :         21-CV-3578 (CS)
                                                 :
                              Plaintiff,         :         **DEFENDANT'S STATEMENT**
                                                 :         **OF UNDISPUTED MATERIAL**
- against -                                      :         **FACTS PURSUANT TO LOCAL**
                                                 :         **CIVIL RULE 56.1**
SERGEANT ALEXANDER ALVARADO,                     :
                                                 :
                              Defendant.         :
-----------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Rules of this Court, Defendant Alexander Alvarado, by his attorney LETITIA JAMES, Attorney General of the State of New York, submits the following statement of material facts as to which he contends there is no genuine dispute and which entitles him to summary judgement as a matter of law.

For the purposes of this motion only, the following facts are undisputed:

1.      On January 26, 2021, Plaintiff was an incarcerated individual housed by the New York State Department of Corrections and Community Supervision ("DOCCS") at Sing Sing Correctional Facility ("Sing Sing,") serving a sentence for murder in the second degree. *See* Deposition of Angelo Grace dated July 12, 2023 ("Pl. Dep. Tr."), annexed to the Declaration of S. Cynthia Luo ("Luo Decl.") as **Exhibit ("Ex.") A,**[1] at 32:11-14.

2.      On January 26, 2021, Defendant was employed by DOCCS as a Sergeant at Sing Sing. *See* **Ex. B.**, Annotated Complaint at ¶ 3.

3.      Sometime in the morning of January 26, 2021, two officers entered Plaintiff's cell to conduct a cell search. *See* **Ex. A**, 54:2-10; 74:8-75:16.

4.      Plaintiff was asleep when this search started. *Id.*

5.      Plaintiff awoke "in a panic." *See* **Ex. B.**, Annotated Complaint at ¶ 5.

---

[1] All exhibit references refer to those annexed to the Luo Decl.

6.      Plaintiff stated that once he realized what was occurring, he complied with the search. *See* **Ex. A**, Pl. Dep. Tr. 55:15-17.

7.      After the search, Plaintiff asked the gallery officer who the sergeant working on Plaintiff's block was. *See id.* at 55:18-20.

8.      Plaintiff was informed that Defendant, Sergeant Alvarado, was the sergeant who was working on the block, and Plaintiff went to speak to Defendant about the search. *See id.* at 55:20-23.

9.      Plaintiff had never had any issues with Defendant previously. *See id.* at 55:24-56:3.

10.     Plaintiff expressed his belief to Defendant that the search was "illegal," and did not abide by DOCCs "policy and rules." *See id.* at 56:4-5, 56:12-23, 110:19-21; *see also* **Ex. B**, Annotated Complaint at ¶ 5.

11.     Plaintiff told Defendant he planned to file a grievance because if an officer came into his cell again, Plaintiff believed that a physical incident could ensue. **Ex. A**, Pl. Dep. Tr. 57:4-7.

12.     Plaintiff told Defendant that the only reason why a fight did not break out was because his hands were covered. *See id.* at 57:7-10.

13.     On January 26, 2021, Plaintiff called the Prison Rape Elimination Act ("PREA") hotline. Plaintiff was advised to file a grievance. *See id.* at 58:19-22; *see also* **Ex. B**, Annotated Complaint at ¶ 5.

14.     On January 27, 2021, Plaintiff filed Inmate Grievance Complaint No. 0086-21 ("Grievance,"). *See* **Ex. C,** Inmate Grievance Complaint. The Grievance was received by the Inmate Grievance Program ("IGP") on February 2, 2021. *Id.*

15.     Plaintiff wrote in his Grievance:

"On 1/26/2021 Inmate Grace was asleep in cell P-35 when officers Abdulla and Renquet came into my cell unannounced. One of the officers was standing over me I jumped up in a panic thinking I was under attack . . . So for that reason [I'm] letting you know that [I'm] not responsible for any incident that take's place should they run in my cell ever again while [I'm] asleep. I will not hold back [I'm] going to take it as a sign of a threat, and attack, and will defend myself at all cost."

Ex. **C**, Grievance; *see also* **Ex. A**, Pl. Dep. Tr., 83:7-86:14.

16.     Plaintiff also wrote that he thought the search was "unlawful and wrong" and that the search did not coincide with DOCCS policy:

This is unlawful and wrong . . . . [I'm] not responsible if [I'm] asleep for my action happening. This [tactic] do not co-inside [sic] with the policy search and procedure 4910. Therefore it is not legal for them to just make up there [sic] own rule's [sic] and apply them as if they are part of the policy and searching procedure. So for that reason [I'm] letting you know that [I'm] not responsible for any incident that take's [sic] place should they run in my cell ever again while [I'm] asleep. I will not hold back [I'm] going to take it as a sign of threat, and attacks, and will defend myself at all cost.

**Ex. C**, Grievance.

17.     During his deposition, Plaintiff claimed that he needed to file a grievance to "safeguard" and "further protect himself." **Ex. A**, Pl. Dep. Tr. 60:8-13; 86:14-87:20.

18.     On February 12, 2021, Defendant Alvarado received a copy of the Grievance from IGP Supervisor Q. Quick. *See* **Ex. D**, Inmate Misbehavior Report ("Misbehavior Report"). Defendant Alvarado issued a Misbehavior Report on the same day, writing, "On this grievance Inmate Grace is threatening security staff." *Id.* He also quoted the following language Plaintiff used in the Grievance, "I am letting me know that I am not responsible for any incident that takes place should they run in my cell ever again while I am asleep. I will not hold back I'm going to take it as a sign of threat and attacks, and will defend myself at all cost." *Id.* The charge listed on the Misbehavior Report was 102.10, "Threats." *Id.*

3

19.     The Misbehavior Report was served by C.O. H. Burnett on Plaintiff on February 13, 2021. *See* **Ex. D**, Grace Misbehavior Report; **Ex. A**, Pl. Dep. Tr. 65:5-6; 96:4-7, 16-22; 104:6-9. On the same day, Plaintiff signed a Tier II Serving Record Sheet acknowledging that he had received a copy of the Misbehavior Report. *See* **Ex. E**, Tier II Serving Record Sheet.

20.     Defendant informed IGP Supervisor Quick on February 14, 2021 that Defendant was directed to issue the Misbehavior Report after reading Plaintiff's grievance containing threatening language. *See* **Ex. F**, Email from Defendant to IGP Supervisor Quick dated February 14, 2021.

21.     On February 16, 2021, a disciplinary hearing occurred.  *See* **Ex. G**, Hearing Record Sheet; **Ex. A**, Pl. Dep. Tr. 104:10-12. Plaintiff was confined at the time of the hearing. *See* **Ex. G**. The charge of threats was administratively dismissed. *See id.*

22.     On February 25, 2021, the Incarcerated Grievance Resolution Committee ("IGRC") recommended administrative review to be conducted to determine if cell searches were being done in compliance with DOCCS policies and procedures. *See* **Ex. H**, IGRC Response; **Ex. I**, Case History and Record.

23.     On April 21, 2021, Plaintiff's Grievance was denied. The Superintendent responded that the investigation found that the cell search Plaintiff grieved was conducted in accordance with DOCCS Directive #4910. *See* **Ex. J**, Superintendent Response to Grievance.

24.     Plaintiff filed his appeal on April 30, 2021. *Id.*

25.     Plaintiff's Grievance appeal with the Central Office Review Committee ("CORC") was recorded on May 4, 2021. *See id.*

26.     On September 9, 2021, CORC denied Plaintiff's Grievance appeal as moot. *See* **Ex. K**, CORC Response to Grievance.

27.     On August 5, 2013, the Department of Corrections and Community Supervision ("DOCCS") issued a memorandum permitting the issuance of Inmate Misbehavior Reports for grievance-related matters within the narrow circumstances where the language in the grievance contains "highly offensive or threatening language." *See* **Ex. L**, DOCCS Memorandum dated August 5, 2013.

28.     During his deposition, Plaintiff acknowledged that he "could understand how [Defendant] took [the Grievance's language] as a threat." *See* **Ex. A**, Pl. Dep. Tr. 100:12-14. Plaintiff further acknowledged that he understood that Defendant was issuing the Misbehavior Report because Defendant felt that Plaintiff was making a threat against the COs. *See id.* at 97:4-13.

Dated:  New York, New York
         November 28, 2023

                                LETITIA JAMES
                                Attorney General
                                State of New York
                                <u>Attorney for Defendant</u>

                                <u>/s/ *S. Cynthia Luo*</u>
                                By: S. Cynthia Luo
                                Assistant Attorney General
                                28 Liberty Street
                                New York, New York 10005
                                Phone: (212) 416-8037
                                Cynthia.Luo@ag.ny.gov